**MODIFY and AFFIRM; and Opinion Filed October 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01141-CR
No. 05-17-01142-CR

**GEORGE EDWARD PURDY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-33144-S, F07-33145-S**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Appellant George Edward Purdy appeals two convictions, following the adjudication of his guilt, for sexual assault of a child. The trial court assessed punishment at ten years' imprisonment in each case. On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment adjudicating guilt in each case contains several errors. The record shows appellant pleaded not true to the allegations in the State's motions to adjudicate guilt. The judgments, however, incorrectly recite appellant pleaded true to the motions to adjudicate and that terms of plea bargain were "10 Years TDC No Fine." Because appellant pleaded not true, there were no plea bargain terms. On our own motion, we modify the section of each judgment entitled "plea to motion to adjudicate" to show "not true," and the section entitled "terms of plea bargain" to show "none." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Further, appellant was convicted of sexual assault of a child in both cases, an offense that is subject to the sex offender registration requirements of Chapter 62 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West 2018). The judgments erroneously state the sex offender registration requirements do not apply and that the age of the victim at the time of the offense is "N/A."[1] On our own motion, we modify both judgments adjudicating guilt to show that sex offender registration requirements apply and the victim's age was fifteen years at the time of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051; TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

---

[1] 1 During the trial, the complainant testified she was fourteen years of age when she met appellant online, and that although they met in person when she was still fourteen years of age, appellant had sex with her when she was fifteen years of age.

As modified, we affirm the trial court's judgment adjudicating guilt in each case.


/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

171141F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE EDWARD PURDY, Appellant

No. 05-17-01141-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-33144-S.
Opinion delivered by Justice Brown.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements do apply to the Defendant. The age of the victim at the time of the offense was 15 years."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 26th day of October, 2018.



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GEORGE EDWARD PURDY, Appellant

No. 05-17-01142-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-33145-S.
Opinion delivered by Justice Brown.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements do apply to the Defendant. The age of the victim at the time of the offense was 15 years."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 26th day of October, 2018.